FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIGUEL L.,[1] | No. 4:26-CV-05010-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 12, 16** |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 12, 16. D. James Tree represents Plaintiff. Special Assistant United States Attorney David Burdett represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

reverses the Commissioner's decision and remands the case for the immediate calculation and award of benefits.

**JURISDICTION**

On September 1, 2017, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, alleging disability beginning September 1, 2017.  Tr. 139, 252-56.  The application was denied initially and on reconsideration.  Tr. 14, 139-75.  Plaintiff appeared before an administrative law judge (ALJ) for a hearing on January 28, 2020.  Tr. 73-118.  On February 12, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-35.  This Court remanded the matter on October 25, 2021.  Tr. 1698-1704.  The ALJ held another hearing on March 8, 2023.  Tr. 1630-67.  On April 19, 2023, the ALJ issued a partially favorable decision finding Plaintiff disabled beginning March 1, 2022, but not before that date.  Tr. 6319-53.  This Court again remanded the matter on October 27, 2023.  Tr. 6354-62.  The ALJ held a third hearing on November 12, 2025.  Tr. 6296-6318.  On November 19, 2025, the ALJ issued a partially favorable decision finding Plaintiff disabled beginning May 27, 2021, but not before that date.  Tr. 6246-82.  Plaintiff appealed this final decision on January 21, 2026.  ECF No. 1.

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

ORDER - 2

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where

ORDER - 3

it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the

ORDER - 4

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

ORDER - 5

activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER - 6

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 1, 2017.  Tr. 6252.

At step two, the ALJ found that since September 1, 2017, Plaintiff has  had the following severe impairments: depressive disorder, anxiety disorder, diabetes mellitus with neuropathy, right ankle degenerative joint disease, toe amputations, and lumbar degenerative disc disease.  Beginning on the established onset date of disability, May 27, 2021, the ALJ found that Plaintiff has had the following severe impairments: depressive disorder, anxiety disorder, diabetes mellitus with neuropathy, right ankle degenerative joint disease, toe amputations, lumbar degenerative disc disease, coronary artery disease, and chronic heart failure.  Tr. 6252.

At step three, the ALJ found Plaintiff has not had an impairment or combination of impairments that meets or medically equals the severity of a listed

ORDER - 7

impairment.  Tr. 6254.

The ALJ then concluded that Plaintiff, prior to May 27, 2021, had the RFC to perform a full range of light work with the following limitations:

> he could stand and walk four hours total in combination in an eight-hour workday; he could sit four hours total in an eight-hour workday; he could never kneel, crawl, or climb ladders, ropes, or scaffolds; he could occasionally balance, stoop, crouch, and climb ramps and stairs; he was limited to simple, routine tasks and simple decision-making; he could have no contact with the public; he could work in proximity to, but not coordination with co-workers; and he could have occasional contact with supervisors.

Tr. 6256.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 6262. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, prior to May 27, 2021, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as router, marker, and laboratory sample carrier.  Tr. 6263.  Since May 27, 2021, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform.  Tr. 6263.  Therefore, the ALJ concluded Plaintiff was not disabled before May 27, 2021, but became disabled on that date.  Tr. 6264.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability income benefits under Title II and supplemental security income

ORDER - 8

benefits under Title XVI of the Social Security Act for the period from September 1, 2017, to May 27, 2021.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly assessed the medical opinion evidence; and

2.  Whether the ALJ properly evaluated Plaintiff's testimony.

ECF No. 12 at 2.

In response, Defendant concedes error with respect to the ALJ's decision and agrees remand is appropriate, but only for further proceedings.  ECF No. 16.

**DISCUSSION**

The parties agree the ALJ harmfully erred but disagree as to the appropriate remedy.  Plaintiff seeks remand for the immediate calculation and award of benefits based on disability beginning September 1, 2017.   Defendant agrees remand is appropriate, but only for further administrative proceedings.  The ALJ's determination that Plaintiff has been disabled since May 27, 2021, is not at issue. For the reasons discussed below, the Court exercises its discretion to remand this matter for the immediate calculation and award of benefits based on disability beginning September 1, 2017.

**A. Legal Standards Governing Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, the district court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir.

ORDER - 9

2017).  The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand.  *Leon*, 880 F.3d at 1045; *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).  The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

ORDER - 10

**B. Proper Remedy**

All three steps of the credit-as-true rule are satisfied here.  The first requirement is satisfied because Defendant concedes harmful legal error and fails to meaningfully respond to, among other things, Plaintiff's argument that the ALJ did not address the opinions of Thomas Genthe, Ph.D., and Janis Lewis, Ph.D.  The Court has no obligation to research or manufacture arguments on behalf of litigants.  Defendant's strategic choice not to substantively respond to this argument constitutes concession of this issue.  *See Hunt v. Colvin*, 954 F.Supp.2d 1181, 1196 (W.D. Wash. 2013) (construing defendant's failure to respond to an argument as a concession that the plaintiff's argument has merit and finding the "Court will not manufacture a defense on the Commissioner's behalf where Plaintiff has identified an at least plausible error"); *Johnny T. v. Berryhill*, 2019 WL 2866841, at *2 (D. Or. July 2, 2019) (finding "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues").

The ALJ addressed the evaluation by Emma Billings, Ph.D., statements from Sarah Wight, ARNP, and the prior administrative medical findings, but did not acknowledge the opinions of Drs. Genthe and Lewis or articulate how their supportability and consistency were considered.  Tr. 6260-61; *see* 20 C.F.R. §

ORDER - 11

416.920c(b)(2); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  This omission occurred even though Plaintiff specifically identified the opinions in his prehearing brief as evidence supporting disability.  Tr. 6631.  Defendant's citation to other evidence in the record cannot cure the ALJ's failure to evaluate these opinions as required by 20 C.F.R. § 416.920c.  The Court therefore concludes the ALJ harmfully erred by failing to properly evaluate the opinions of Drs. Genthe and Lewis.  Because that error is sufficient to satisfy the first requirement, the Court need not resolve Plaintiff's remaining assignments of error.

As for the second requirement, further administrative proceedings would serve no useful purpose in light of the unusual posture of this case.  Plaintiff filed the application at issue in September 2017.  Tr. 252.  The agency has held three administrative hearings and issued three decisions on the claim.  The matter has already been remanded twice by this Court, and the administrative record exceeds 6,800 pages.  The disputed period is fixed because the ALJ has found Plaintiff disabled beginning May 27, 2021.  Defendant identifies no missing medical evidence, ambiguity, or evidentiary gap requiring further development.

The ALJ's handling of the prior remand directives further demonstrates that another remand would serve no useful purpose.  Following the Court's first remand, the Appeals Council expressly determined that the prior decision inadequately evaluated the opinions of Shawn Summers, D.P.M., and William

ORDER - 12

Drenguis, M.D.  Tr. 1707-08.  The Appeals Council found the ALJ rejected Dr. Summers's opinion based on observations of normal gait and Plaintiff's activities without adequately considering the opinion's supportability, including the supporting MRI, treatment history, and clinical abnormalities.  Tr. 1707.  The Appeals Council also expressly determined that Dr. Drenguis's assessment that Plaintiff could stand and walk for "at least two hours" conflicted with an RFC permitting four hours of standing and walking.  Tr. 1707-08.  Despite those instructions, however, the ALJ continued to rely on materially similar reasoning. In 2023, the ALJ again rejected Dr. Summers's sedentary work opinion based principally on Plaintiff's ability to walk twenty feet independently despite an antalgic gait and other observations of normal gait.  Tr. 1619-20.  The ALJ repeated that reasoning in the most recent decision.  Tr. 6260.  And although the Appeals Council had expressly identified a conflict between Dr. Drenguis's opinion and a four-hour standing and walking RFC, the ALJ again assessed four hours on the ground that "at least two hours" identified only a minimum rather than a maximum.  Tr. 6259.  The ALJ has therefore already been given specific instructions to correct the evaluation of this evidence but has continued to rely on essentially the same rejected reasoning.  Defendant does not explain why another opportunity to evaluate the same record would produce a different or legally adequate result.

ORDER - 13

The Ninth Circuit has stressed that precedent "foreclose[s] the argument that a remand for the purpose of allowing the ALJ to have a mulligan [to revisit the medical opinions and testimony that were improperly rejected] qualifies as a remand for a 'useful purpose' under the . . . credit-as-true analysis." *Garrison*, 759 F.3d at 1021-22 (citations omitted); *see also Knorr v. Berryhill*, 254 F.Supp.3d 1196, 1220 (C.D. Cal. 2017) ("[R]emanding for the ALJ to reconsider this evidence, which the ALJ already had an opportunity to review, would simply be allowing the ALJ to have a second bite at the apple."). The record thus does not require further proceedings.

Third, if the improperly omitted opinions are credited as true, the ALJ would be required to find Plaintiff disabled beginning September 1, 2017. Dr. Genthe examined Plaintiff on August 18, 2017, approximately two weeks before the alleged onset date. Tr. 444-50. The evaluation form defined a "severe" limitation as the inability to perform the activity in regular competitive employment and instructed Dr. Genthe to assess Plaintiff's ability to sustain each activity over a normal workday and workweek. Tr. 447. Dr. Genthe assessed severe limitations in Plaintiff's abilities to communicate and perform effectively in a work setting, maintain appropriate workplace behavior, and complete a normal workday and workweek without interruptions from psychologically based symptoms. Tr. 447. He anticipated the limitations would persist for 12 to 18 months, assessed

ORDER - 14

Plaintiff's prognosis as poor, and concluded Plaintiff was unlikely to function adequately in a work setting for no less than twelve months.  Tr. 448.  Although Dr. Genthe found Plaintiff's then-current impairments were primarily related to recent substance use, he expressly opined the impairments would persist following 60 days of sobriety.  Tr. 448.

Later evidence confirms that these limitations persisted for the required duration and were not dependent on ongoing substance use.  In August 2019, after Plaintiff reported approximately twenty months without methamphetamine use or excessive alcohol use, Dr. Genthe again assessed marked limitations in the same three work activities and concluded Plaintiff's uncontrolled aggression was likely to interfere with his ability to initiate or maintain employment.  Tr. 1388, 1391-92.  Dr. Lewis reviewed Dr. Genthe's evaluation; opined the diagnoses and functional limitations supported by the available medical evidence and Plaintiff was not primarily impaired due to substance use; and reasoned an August 18, 2017, onset date and twelve-month duration was supported by the medical evidence.  Tr. 1397-98, 1416.

Crediting these opinions leaves no unresolved vocational question.  Dr. Genthe's 2017 evaluation itself defines the assessed severe limitations as an inability to perform the relevant activities in regular competitive employment.  Tr. 447.  The vocational expert's testimony further confirms that the assessed

ORDER - 15

limitations are incompatible with sustained employment.  Tr. 116-17.  Crediting the opinions therefore requires a finding that Plaintiff was disabled beginning September 1, 2017.

Finally, the record as a whole does not create serious doubt as to whether Plaintiff was disabled during the disputed period.  *See Garrison*, 759 F.3d at 1021. Defendant points to Dr. Billings's discussion of variable testing, the prior administrative medical findings, and selected activities.  ECF No. 16 at 4.  But Dr. Billings did not find Plaintiff capable of full-time work.  She observed difficulty maintaining attention and concentration, the need for several breaks, slow responses, and irritability likely to interfere with coworker relationships.  Tr. 715-18.  Nor do Plaintiff's limited college attendance and isolated physical activities demonstrate an ability to maintain appropriate behavior, attendance, concentration, and pace throughout a full workday and workweek.  Defendant identifies no unresolved factual issue and no evidence requiring further development rather than another weighing of the same record.

Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate Defendant to ensure the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a plaintiff filed an application.  *Treichler*, 775 F.3d at 1100.  Despite prior attempts, the ALJs decisions continue to not be properly supported, causing extreme delay.  The Court

ORDER - 16

has no serious doubt that Plaintiff was disabled during the disputed period.  Under these circumstances, and in light of the protracted history of this case, the Court exercises its discretion to remand this matter for the immediate calculation and award of benefits based on disability beginning September 1, 2017.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 12**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 16**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for immediate calculation and award of benefits.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED August 5, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 17